IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Debra McMurry, | ) | |
| | ) | Civil Action No. 8:12-01792-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Debra McMurry ("McMurry"), brought this action under Title 42, United States Code, sections 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with Title 28, United States Code, section 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) concerning the disposition of social security cases in this district. (ECF No. 24.)[2] The Report recommends affirming the decision of the Commissioner to deny benefits. The court adopts the Report and affirms the denial of disability insurance benefits and supplemental security income benefits.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

I. Background

McMurry filed an application for disability insurance benefits in April 2008, and an application for supplemental security income benefits in August 2009, alleging that she became unable to work on October 15, 2005. Her applications were denied initially and on reconsideration by the Social Security Administration. An administrative law judge ("ALJ") conducted a hearing on August 12, 2010. On August 27, 2010, the ALJ issued a decision, finding that McMurry was not under a disability as defined in the SSA.

After considering all of the evidence in the record and the hearing testimony, the ALJ found that McMurry suffered from several severe impairments – hypopituitary syndrome, fatigue, major depressive disorder, anxiety, obesity, sleep apnea, low back pain, degenerative joint disease of the left knee, and asthma – as well as a number of non-severe impairments. The ALJ went on to find that McMurry's impairments did not meet or medically equal the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess McMurry's residual functional capacity ("RFC"), finding that McMurry could perform light work, subject to certain limitations. Based on that finding, the ALJ concluded that McMurry could not perform her past relevant work, but that she could perform other jobs in existence in the national economy in significant numbers and, therefore, denied her claim.

The Appeals Council initially declined to review the ALJ's decision in May 2011, and again declined review in December 2011 after considering additional information. McMurry filed this action for judicial review on June 29, 2012. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. McMurry filed objections to the Report on August 2, 2013 (ECF No. 26), and the Commissioner filed a reply to those objections on August 19, 2013 (ECF No. 28). This matter is now ripe for review.

II.  Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

III.   Analysis

McMurry contends that, because none of her doctors opined as to her possible physical limitations, to make an RFC finding the ALJ had to impermissibly interpret raw medical data – an act that should be left to medical experts.  As a result, McMurry objects to the section of the Report addressing the ALJ's RFC analysis, specifically the Report's assessment of the burden of proof in the matter.  To the extent McMurry's objection re-states the argument presented in issue

3

two of her brief, the court has reviewed the original briefing and cases cited and sees no reason to deviate from the Report's finding. However, the court will address McMurry's burden of proof concerns.

The Social Security Administration describes RFC assessments in Ruling 96-8p, stating, in relevant part:

> RFC is an *administrative assessment* of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities. . . . RFC is *assessed by adjudicators* at each level of the administrative review process based on all of the relevant evidence in the case record, including information about the individual's symptoms and any "medical source statements" . . . submitted by an individual's treating source or other acceptable medical sources.

Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34474-01 (July 2, 1996) (emphasis added). In addition, the Administration specifically states that an individual's RFC and whether that RFC prevents him from doing past relevant work are "not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case." Social Security Ruling 96-5p, Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed. Reg. 34471-01 (July 2, 1996).

Generally, the claimant bears responsibility for producing evidence used in making the RCF finding. 20 C.F.R. § 404.1545(a)(3); *see also Pace v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (the claimant bears the burden of proof and production through the first four steps); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003) ("It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC."); *Young v. Apfel*, 221

4

F.3d 1065, 1069 (8th Cir. 2000) (RFC analysis takes place at step four, where the burden still rests on the claimant). More specifically, the claimant "must provide evidence, without redaction, showing how [her] impairment(s) affect[] [her] functioning." 20 C.F.R. § 404.1512. The Commissioner is tasked with ensuring that the medical record is completely developed, including making every reasonable effort to assist the claimant in obtaining medical records or arranging consultative examinations. 20 C.F.R. §§ 404.1512(c), (d), 404.1545(a)(3). And, "when there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34474-01 (July 2, 1996).

In this case, McMurry's medical record appears fully developed, containing reports and assessments from over twenty-five different doctors from all potentially relevant time periods and covering the range of McMurry's alleged impairments. Thus, it was McMurry's responsibility to provide any additional evidence for the ALJ to consider. The ALJ fully discussed and considered all of the medical evidence in the record in her nine page explanation of her RFC assessment. She also clearly linked the imposed physical limitations with McMurry's self-reported symptoms.[3] In sum, the ALJ properly considered the complete medical

---

[3] For example, McMurry testified that a doctor once told her not to lift more than a milk jug. Even though it appears from the record that this restriction was temporarily imposed after her gall bladder surgery, the ALJ incorporated it into her limitations on how much McMurry can lift, push, and pull. In addition, the limitations on sitting and standing clearly came out of McMurry's own direct testimony. And, even though the ALJ found that McMurry's low back pain and degenerative joint disease in her knee were not severe impairments, she accounted for the pain and discomfort McMurry reported to her doctors by restricting her from climbing ropes, ladders, and scaffolds. The same holds for McMurry's asthma-related symptoms and the limitation on exposure to dusts, gases, fumes, and poor ventilation. In determining these limitations, the ALJ did not interpret raw medical data as McMurry alleges, but, rather, did as the SSA directs her to do and looked to the claimant's reported symptoms and the medical assessments and diagnoses. If the court adopts McMurry's argument, then, according to SSR 96-8p, without a medical expert to tell the ALJ that people with asthma should avoid irritants or that climbing a ladder with low back and knee pain

record before her in assessing McMurry's RFC and her RFC finding is supported by substantial evidence.

Therefore, after a thorough review of the record, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Court Judge

September 17, 2013  
Anderson, South Carolina

---

could result in disaster, the ALJ may have been required to find no limitation or restriction at all, other than lifting milk jugs. The court does not see the wisdom in that approach.

6